IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONYA CARSWELL,<br>    Plaintiff,<br><br>    v.<br><br>UPMC/UPMC BRADDOCK HOSPITAL,<br>JEAN DURIK, JASHARA CRAIG,<br>KAREN O'MALLEY, MAUREEN<br>SZEWCZYK, RANDI WEIR, HELENE<br>BROWN,<br>    Defendants. | Civil Action No. 12-1611<br><br>Magistrate Judge Robert C. Mitchell |

## **RECOMMENDATION**

For the reasons stated below, it is respectfully recommended that Defendants' Motion to Dismiss [ECF No. 6] be granted in part and denied in part.

It is recommended that Defendants' Motion to Dismiss be denied as to Count II for retaliation as it applies to Defendants UPMC and UPMC Braddock Hospital.

It is further recommended that Defendant's Motion to Dismiss be granted as follows: Count I for discrimination under Title VII should be dismissed without prejudice as to Defendants UPMC/UPMC Braddock and dismissed with prejudice as to Defendants Jean Durik, Jashara Craig, Karen O'Malley, Maureen Szewczyk, Randi Weir and Helene Brown ("Individual Defendants"); Count II for retaliation under Title VII should be dismissed with prejudice as to the Individual Defendants; Count III for wrongful termination should be dismissed with prejudice as to all Defendants; Count IV for wrongful denial of unemployment compensation should be dismissed with prejudice as to all Defendants; Count V for intentional infliction of emotional distress should be dismissed with prejudice as to all Defendants; and Count V for

negligent infliction of emotional distress should be dismissed with prejudice as to the Individual Defendants and dismissed without prejudice as to Defendants UPMC/UPMC Braddock.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

## **REPORT**

### I. BACKGROUND

Plaintiff, Tonya Carswell, is the former employee of Defendant, UPMC Braddock where she ended her ten-year tenure in April 2009 as a "Patient Business Service Representative." Am. Compl. [ECF No. 1-1] at 16.[1] The remaining individual Defendants are Plaintiff's former colleagues, supervisors, managers and directors of UPMC Braddock.[2] Before being terminated, Plaintiff filed a complaint with the Equal Opportunity Employment Commission ("EEOC") and on June 25, 2012, Plaintiff was sent a "Right to Sue" letter from the EEOC, thus exhausting her administrative remedies. *See* 6/25/2012 EEOC Dismissal and Notice of Rights Letter [ECF No. 1-1] at 12. Plaintiff, *pro se*, filed the instant five-count Amended Complaint, alleging that the Defendants engaged in: (1) unlawful harassment; (2) retaliation; (3) wrongful termination; (4) wrongful denial of unemployment compensation; and (5) "infliction to emotional stress." Am. Compl. [ECF No. 1-1] at 18, 20. Plaintiff seeks ten-million dollars for her claims. *Id*. at 22.

In support of Count I, Plaintiff offers the following: a co-worker reported to Plaintiff that a patient complained about Plaintiff, another co-worker acted unprofessionally toward Plaintiff

---

[1] As the Amended Complaint is not enumerated, the Court will refer to pagination as it is docketed on CM/ECF.

[2] Unless otherwise noted, "Defendants" refers to all named Defendants.

and screamed at her while interacting with a patient, a co-worker brought in a birthday cake and shared with everyone to the exclusion of Plaintiff, and Plaintiff was not invited to a retirement celebration, although someone sent over a piece of cake from the celebration. *Id*. at 18-19.  In support of the remaining Counts, Plaintiff alleges that her shift was changed to her disadvantage (simultaneously alleging that she was promoted and given a raise in July, 2008), she was repeatedly asked to complete more tasks because of low-staffing, she was subject to "inappropriate disciplinary actions concerning her tardiness," she was wrongfully terminated after filing complaints with the EEOC and her grievance was denied, and subsequently denied unemployment compensation "due to false allegations made by [her] employer." *Id*. at 20-22.  Specifically regarding the allegations surrounding the retaliation, Plaintiff alleges that after she filed a grievance against UPMC Braddock with the EEOC in October 2008, the Defendants began disciplining her for her tardiness, where she had not been disciplined before for such action. *Id*.

Defendants, with the exception of Jashara Craig and Maureen Szewczyk, filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that none of Plaintiff's allegations "support unlawful discrimination, harassment or retaliation" based on a protected class. Br. in Supp. of Mot. to Dismiss [ECF No. 7] at 2.  Specifically, Defendant argues that Counts I through III fail because Plaintiff does not establish a link between the purported treatment and race or gender or a causal connection between a protected activity and an adverse employment action. *Id*.  Similarly, Defendants argue that Count IV fails because Pennsylvania does not recognize a cause of action against an employer for wrongfully denying unemployment compensation based on the alleged facts. *Id*.  Likewise, Defendants argue that Count V fails because Plaintiff has failed to allege any facts which support a claim for either intentional or

3

negligent infliction of emotional distress. *Id*. The Court will address each Count as against each Defendant, and respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part.

## II.     JURISDICTION

Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. §1331, as Plaintiff advances claims under Title VII of the Civil Rights Act of 1964.

## III.    STANDARD OF REVIEW

In reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal as a matter of law under Fed. R. Civ. P. 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Thus, allegations in the complaint must be factually grounded to move the claims from the realm of mere possibility to one that "is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, under the post-*Twombly/Iqbal* standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). The Plaintiff must show sufficient justification to move "the case beyond the pleadings to the next stage of litigation" to survive a Motion to Dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(6). *Phillips*, 515 F.3d at 234-35. The court in deciding a motion to dismiss must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Twombly*, 550 U.S. 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974)). The Court of Appeals for the Third Circuit has "instructed that if a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hops.*, 293 F.3d 103, 108 (3d Cir. 2002)).

Pro se pleadings "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite the failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements." *Griggs v. Sauers*, 2012 WL 681708, *1 n. 1 (W.D.Pa. Feb. 10, 2012) (citing *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969)). *See also Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001).

### IV. ANALYSIS

#### a. Count I Discrimination Under Title VII of the Civil Rights Act of 1964

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer "to fail to refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). The term "employer" is defined as "a person engaged in industry affecting commerce who has fifteen

or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.] . . ." 42 U.S.C. § 2000e(b). Moreover, individual employees are not liable under Title VII claims. *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (collecting cases).

To make out a prima facie case of harassment under Title VII, a plaintiff must allege that she was a member of a protected class and suffered an adverse employment action under circumstances giving rise to an inference of illegal discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). However, an employment discrimination complaint need not contain specific facts establishing a prima facie case, but only "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (citations omitted). *See Jacques-Scott v. Sears Holding Corp.*, 2011 WL 1059704 *8 (D.Del. 2011) (plaintiff adequately pled a claim for racial discrimination under 12(b)(6) where she alleged she "identified facts that she was disproportionately assigned less favorable working conditions and assignments and was isolated when compared to whites."); *but see Johnson v. Delaware Cnty. Juvenile Det. Ctr.*, 2012 WL 895507, *7 (E.D.Pa. March 16, 2012) (finding Title VII jurisprudence dictates "in order to state a claim such a plaintiff must allege concrete facts that, if proven, would either (1) establish his *prima facie* case under *McDonnell Douglas*, or (2) show that race, color, religion, sex, or national origin was a motivating factor for any workplace practice.").

---

[3] The United States Supreme Court explained: "The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement[;] . . . [it] does not apply in every employment discrimination case[.] . . . [I]f a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case[.] . . . [T]he precise requirements of a prima facie case can vary depending on the context and were never intended to be rigid, mechanized, or ritualistic[,] . . . [and the complaint] must simply 'give the defendant fair notice of what the plaintiff's claim is and grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 510-12 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In support of her claim of discrimination, Plaintiff claims that individuals employed by UPMC Braddock "create[d] an extremely hostile work environment for Plaintiff by intentionally excluding her and constantly reporting false allegations" including denying "her original work shift as promised" and "inappropriately disciplin[ing] [Plaintiff] for tardiness." Am. Compl. [ECF No. 1-1] at 17. Plaintiff wholly fails to identify that such action was taken because of her race, color, religion, sex, or national origin. Therefore, Plaintiff's Amended Complaint, as it purports to assert a claim for discrimination, should be dismissed without prejudice as to Defendants UPMC and UPMC Braddock. Plaintiff's claim should be dismissed with prejudice as against the individually named Defendants, as these Defendants are not "employers" for Title VII liability to attach and case law dictates individual employees are not liable under Title VII.

    b. Count II: Retaliation Under Title VII of the Civil Rights Act of 1964

To establish a claim for retaliation under Title VII, a plaintiff must allege that "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Wadhwa v. Sec'y Dept. of Veterans Affairs*, 2012 WL 5974233, *2 (3d Cir. Nov. 30, 2012); *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006). An "adverse employment action" is one which denotes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Moreover, the plaintiff has the "burden of stating a prima facie case; if [s]he does, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the adverse action." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See also Wadhwa*, 2012 WL 5974233 at *2-*3 (affirming

district court's dismissal of retaliation claim under Federal Rule of Civil Procedure 12(b)(6) applying *McDonnell Douglas* standard).

Here, Plaintiff claims that because of staff unavailability, in August 2007, her shift was temporarily changed to a "trial shift" which supposedly did not consist of her normal hours. She alleges that her supervisors informed her that she would eventually return to her normal shift, but did not provide when this would occur. During the "trial shift," even though Plaintiff would come into work late, she claims she was never disciplined. In October of 2008, Plaintiff filed a complaint to the EEOC regarding alleged discrimination at the office. Plaintiff alleges that afterwards, she was disciplined for her tardiness. In April 2008, Plaintiff was discharged. Plaintiff has sufficiently stated a prima facie claim for retaliation. She filed an EEOC claim, and was subsequently disciplined where she had not been disciplined before, and was thereafter terminated. Therefore, she has engaged in a protected activity by filing an EEOC claim, was subsequently disciplined for actions that she had not been disciplined before, and was ultimately terminated. Therefore, Defendants' Motion to Dismiss should be denied as to Count II as it applies to Defendants UPMC and UPMC Braddock because Plaintiff has shown a prima facie case of retaliation and should be permitted to establish evidence supporting the same. Thus, the burden shifts to the Defendants to show a legitimate non-discriminatory reason for Plaintiff's termination. As for the individually named Defendants, any claim for retaliation should be dismissed with prejudice because liability does not attached to individual employees for a Title VII claim as explained *supra*.

c. Count III: Wrongful Termination

Pennsylvania follows the at-will employment presumption which allows either party to end the employment relationship for any time and for any reason. *Murray v. Commercial Union*

8

*Ins. Co.*, 782 F.2d 432, 435 (3d Cir. 1986). Although there is a strong presumption of an at-will employment relationship, this presumption may be rebutted by establishing any of the following: "(1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy." *Rapagnani v. Judas Co.*, 736 A.2d 666, 669 (Pa. Super. Ct. 1999). Plaintiff has not asserted the existence of any agreement or sufficient additional consideration for her employment, thus this Court will discuss only whether sufficient public policy exists to rebut the at-will presumption. There are "few narrow public exceptions to the at-will employment doctrine [.] . . ." *Spierling v. First Am. Home Health Serv., Inc.*, 737 A.2d 1250, 1252 (Pa. Super. Ct. 1999). The public policy exception "falls into three categories: an employer (1) cannot require an employee to commit a crime, (2) cannot prevent an employee from complying with a statutorily imposed duty, and (3) cannot discharge an employee when specifically prohibited from doing so by statute." *Id*. (quoting *Hennessy v. Santiago*, 708 A.2d 1269, 1273 (Pa. Super. Ct. 1998)). A terminated employee claiming wrongful discharge pursuant to public policy must "identif[y] a 'specific' expression of public policy violated by his discharge, [or] it will not be labelled [sic] as wrongful and within the sphere of public policy." *McGonagle v. Union Fid. Corp.*, 556 A.2d 878, 885 (Pa. Super. Ct. 1989).

A close reading of Plaintiff's Amended Complaint does not intimate that she was discharged contrary to any recognized public policy exception to rebut the strong presumption of at-will employment. Nor does she identify any expression of public policy violated by her termination. Therefore, it is respectfully recommended that Count III for wrongful termination be dismissed with prejudice as against all defendants.

   d. Count IV: Wrongful Denial of Unemployment Compensation

Plaintiff merely alleges in her Amended Complaint that she was wrongfully denied unemployment compensation due to false allegations made by her employer. Defendants argue that there is no Pennsylvania-recognized cause of action against any of the named Defendants for wrongful denial of unemployment compensation. Defendant is correct; there is no cause of action against an employer for the denial of unemployment compensation based on the Unemployment Compensation Board's decision to deny Plaintiff unemployment benefits. As Defendants outline, Plaintiff could have appealed the Board's denial of unemployment compensation to a referee and still further to the Unemployment Compensation Board of Review. *See generally* 43 P.S. § 821; 43 P.S. § 822. Therefore, because amendment would be futile, Count IV for wrongful denial of employment compensation should be dismissed with prejudice as to all Defendants.

   e. <u>Count V: Intentional and/or Negligent Infliction of Emotional Distress</u>

Defendants argue that Plaintiff has failed to state a claim under either intentional or negligent infliction of emotional distress.[4] This Court agrees and respectfully recommends that Count V be dismissed as summarized below.

   1. *Intentional Infliction of Emotional Distress ("IIED")*

Generally, to bring a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: (1) extreme and outrageous conduct on behalf of defendant; (2) defendant's conduct was intentional or reckless; (3) defendant's conduct caused emotional distress to plaintiff; and (4) the emotional distress was severe.[5] *See Taylor v. Albert Einstein Med. Ctr.*, 754

---

[4]   Although Plaintiff has failed to specify whether she is bringing a claim for negligent or intentional emotional distress, due to the relaxed pleading requirements for pro se pleadings, Plaintiff's Amended Complaint is read to include claims for both intentional and negligent infliction of emotional distress.

[5]   While the Pennsylvania Supreme Court has not expressly adopted the tort of intentional infliction of emotional distress, it has recognized such a cause of action and, in doing so, has utilized the provisions of the Restatement (Second) of Torts § 46. *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000). The Court

A.2d 650 (Pa. 2000). Moreover, the plaintiff must claim she suffered some physical manifestation of "harm due to the defendant's outrageous conduct." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122, 23 (Pa. Super. Ct. 2004). *See also Simmons v. AAA East Cent. Century III Office*, 2012 WL 5381413 (W.D.Pa. Oct. 31, 2012). A defendant's conduct needs to be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998). With regard to a defendant's outrageous conduct,

> liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's [sic] feelings are hurt.

*Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 991-92 (Pa. 1987) (quoting Restatement (Second) of Torts § 46 cmt. D. (1965)).

"With regard to the element of outrageousness, it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Swisher v. Pitz*, 868 A.2d 1228, 1231 (Pa. Super. Ct. 2005) (citations omitted). The Court of Appeals for the Third Circuit has stated that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for [IIED]." *Matczak v. Frankford Candy & Chocolate*

---

of Appeals for the Third Circuit has "consistently predicted . . . that the Pennsylvania Supreme Court will ultimately recognize this tort[,] . . . and [will] generally follow the basic formulation of the tort found in [section] 46 of the Restatement (Second) of Torts." *Pavlik v. Lane Ltd./Tobacco Exporters Intern.*, 135 F.3d 876, 890 (3d Cir. 1998). *See also Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232 (3d Cir. 1995); *Silver v. Mendel*, 894 F.2d 598, 606 (3d Cir. 1990).

*Co.*, 136 F.3d 933, 940 (3d Cir. 1997). *See Denton v. Silver Stream Nursing and Rehab. Ctr.*, 739 A.2d 571, 577 (Pa. Super. Ct. 1999) (plaintiff stated a claim for IIED where co-worker made death threats and was found to be in possession of a firearm at work); *but see Alexander v. Hargrove*, 1994 WL 313059, *6-*7 (E.D.Pa. June 28, 1994) (conduct of employer was not outrageous where employer "coerced [plaintiff's] termination while knowing that this would attach a stigma of wrongdoing to him that would make him unemployable and destroy his career, family, and health."). While loss or termination "of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event and cannot provide a basis for recovery for [IIED]." *Capresecco v. Jenkintown Borough,* 261 F.Supp.2d 319, 323 (E.D.Pa. 2003) (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)).

Primarily, Defendant has failed to allege that Defendants' conduct toward her was outrageous. Failing to share a birthday cake, being reprimanded by supervisors, and threats of suspension and termination and ultimate termination of employment is not conduct of a nature that transcends all bounds of decency. Rather, the conduct complained of is of the garden variety expected to arise in an employment context. Because amendment would be futile, it is respectfully recommended that Plaintiff's claim for intentional infliction of emotional distress be dismissed with prejudice against all Defendants.

### 2. *Negligent Infliction of Emotional Distress ("NIED")*

Under Pennsylvania law, there are four factual scenarios which give rise to a claim of NIED: "(1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 194-

98 (Pa. Super. Ct. 2008), *order aff'd by divided court*, 36 A.2d 83 (Pa. 2011). *See also Okane v. Tropicana Entertainment, Inc.*, 2013 WL 56088 (E.D.Pa. Jan. 3, 2013) (same). In addition to the factual scenarios, "[i]n all cases, a plaintiff who alleges [NIED] must suffer *immediate* and *substantial* physical harm." *Doe v. Philadelphia Comm. Health Alt. AIDS Task Force*, 745 A.2d 25, 28 (Pa. Super. Ct. 2000).

As currently pled, nothing in Plaintiff's Amended Complaint suggests that she suffered from any of the above situations giving rise to a claim for NIED, or that she suffered immediate and substantial physical injury from Defendants' acts.[6] Rather, she only claims "emotional" distress. It is only in her Opposition Brief that she claims Defendants owed her a "fiduciary duty." *See Wiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 217 (Pa. Super. Ct. 2012) (to establish a cause of action for negligent infliction of emotional distress under this theory, "a plaintiff must establish the elements of a negligence claim, i.e., that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage.'") (quoting *Toney*, 961 A.2d at 198). To the extent that UPMC Braddock owed Plaintiff a fiduciary duty as her employer, Plaintiff has neither set forth information that satisfies these elements, nor does she cite to any case law establishing that an employer owes an employee a fiduciary duty under these set of facts. *See Smith v. Tyler Mem'l Hosp.*, 2012 WL 2115337, *4 (dismissing NIED claims where Plaintiff failed to cite to case law showing that a fiduciary duty between employee and employer existed to ensure FLMA benefits). Therefore, Plaintiff's claims should be dismissed against Defendants UPMC and UPMC Braddock without prejudice. Plaintiff does not claim that the individually named Defendants owed her a fiduciary duty, and gleaning from the Amended Complaint that

---

[6] However, in Plaintiff's Opposition Brief, she states that Defendants' "actions toward [Plaintiff] affected her physically. Plaintiff began having chest pains and began hyperventilating and was rushed to the emergency room[,] . . ." and filed a Worker's Compensation Claim based on the maladies. Pl.'s Op. Br. [ECF No. 12] at 11, 12.

amending would be futile, Plaintiff's claims for NIED against the individually named Defendants should be dismissed with prejudice.

## V. CONCLUSION

It is therefore respectfully recommended that Count I for discrimination under Title VII be dismissed without prejudice as to Defendants UPMC/UPMC Braddock, and dismissed with prejudice as to Defendants Jean Durik, Jashara Craig, Karen O'Malley, Maureen Szewczyk, Randi Weir and Helene Brown; Count II for retaliation under Title VII be dismissed with prejudice as to Defendants Jean Durik, Jashara Craig, Karen O'Malley, Maureen Szewczyk, Randi Weir and Helene Brown, and that Defendants' Motion to Dismiss be denied as to Count II to the remaining Defendants (UPMC/UPMC Braddock); Count III for wrongful termination be dismissed with prejudice as to all Defendants; Count IV for wrongful denial of unemployment compensation be dismissed with prejudice as to all Defendants; Count V for intentional infliction of emotional distress be dismissed with prejudice as to all Defendants; and Count V for negligent infliction of emotional distress be dismissed with prejudice as to Defendants Jean Durik, Jashara Craig, Karen O'Malley, Maureen Szewczyk, Randi Weir and Helene Brown, and dismissed without prejudice as to Defendants UPMC/UPMC Braddock.

Dated:  January 28, 2013

    Respectfully submitted,

    s/Robert C. Mitchell
    Robert C. Mitchell
    United States Magistrate Judge