IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONYA CARSWELL,
    Plaintiff,

vs.                                    Civil Action No. 12-1611

UPMC/UPMC BRADDOCK HOSPITAL, et al.,
    Defendants.

## MEMORANDUM ORDER

Plaintiff Tonya Carswell ("plaintiff") brings this pro se action alleging a claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), against Defendants, UPMC and UPMC Braddock Hospital (collectively "defendants"). She alleges that, after she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in October 2008, she was discharged from her position as a patient business service representative at UPMC Braddock Hospital on April 3, 2009.

On February 11, 2014, the United States Magistrate Judge filed a Report and Recommendation (ECF No. 46) (the "R&R"), recommending that the motion for summary judgment filed by the defendants (ECF No. 39) be granted. Service of the R&R was made on the parties, and plaintiff filed objections (ECF No. 47) on February 26, 2014. On March 12, 2014, defendants filed a response to plaintiff's objections (ECF No. 48).

In this case, as pointed out by the United States Magistrate Judge in the R&R, the matter in dispute is whether there is a causal connection between plaintiff's protected activity and the adverse employment action. The Supreme Court has recently held that a plaintiff making a retaliation claim under Title VII "must establish that his or her protected activity was a but-for

cause of the alleged adverse action by the employer." University of Tex. Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2534 (2013).

In her objections, plaintiff contends that the R&R erred by emphasizing her history of chronic tardiness in years prior to her termination, but not incorporating the information she presented. She argues that she was not disciplined at all for tardiness between 2007 and 2009 and that she was late eighteen times between September 2008 and January 2009 (after the September 24, 2008 meeting at which it was announced that the tardiness policy would be strictly enforced), but was not disciplined until February 17, 2009.

In response, defendants note that plaintiff had a well-documented history of tardiness and disciplinary actions long before her EEOC complaint was filed in October 2008. In addition, they point to her having been late only twice between the September 24, 2008 meeting and October 31, 2008. (Carswell Dep. Ex. 23 at 27-28.) Under the time and attendance policy, she would not have been subject to disciplinary action until she had been tardy on at least four occasions. (Carswell Dep. Ex. 3.) They note that she was late extensively in December 2008 (on nine occasions) and that she was disciplined a few weeks later during her six-month evaluation on January 16, 2009. (Carswell Dep. Ex. 23 at 29-30.) Therefore, they contend that there is a strong connection between her extensive tardiness and her discipline, not between her EEOC filing and the disciplinary action.

As defendants observed, the record is undisputed that plaintiff was tardy repeatedly over many years, that she received progressive disciplinary actions leading to her dismissal and that the connection that does exist is between her extensive tardiness (in December 2008) and the discipline (in January, February and April 2009), rather than between her EEOC filing (in October 2008) and the disciplinary action. On the record before the court, no reasonable jury

could find a causal connection between plaintiff's protected activity – the filing of the charge with the Equal Employment Opportunity Commission, and the terminated employment. To the contrary the evidence of record shows a causal connection between her tardiness and termination of her employment. Plaintiff's objections are overruled.

AND NOW, this 18th day of March, 2014,

IT IS ORDERED that defendants' motion for summary judgment (ECF No. 39) is granted.

United States Magistrate Judge Mitchell's Report and Recommendation dated February 11, 2014 (ECF No. 46) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States Chief District Judge

cc: Tonya Carswell  
306 East 12th St.  
Homestead, PA 15120